Lee Edward WARREN,
Plaintiff–Appellee,

v.

Douglas GUELKER, Defendant–
Appellant.

No. 93–35211.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 1994 *.

Decided July 14, 1994.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4.

Daniel J. Judge, Asst. Atty. Gen., Olympia, WA, for defendant-appellant.

Lee Edward Warren, pro se.

Before: WIGGINS and THOMPSON, Circuit Judges, and EZRA,** District Judge.

PER CURIAM:

Defendant–Appellant Guelker ("appellant") brings this appeal from the district court's denial of his Rule 11 motion for sanctions in the above-captioned case. Appellant contends that the district court failed to properly consider Rule 11 sanctions, where plaintiff Lee Edward Warren ("Warren"), a former prisoner at McNeil Island Corrections Center (MICC), frivolously filed a civil rights

** Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

complaint in federal court. For the reasons stated below, we find that the district court erred by entering an order which "declined" to order sanctions upon a motion brought under Fed.R.Civ.P. 11, without ever determining whether a violation of Rule 11 had occurred.

### I. Factual Background

Warren filed a civil rights complaint in this case on or about August 7, 1992, in the United States District Court for the Western District of Washington. On September 2, 1992, the district court approved Warren's application for in forma pauperis status, and ordered that defendant be served. Warren alleged that he was assaulted by a staff cook while he was incarcerated at MICC on August 15, 1989.

In Warren's complaint, he answered "no" to the question concerning whether he had "begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to [his] imprisonment[.]" However, Warren had filed a complaint in the U.S.D.C. for the Western District of Washington, No. C89–532(T)D, also entitled *Warren v. Guelker.* In that case, Warren alleged that he had been assaulted by the staff cook, the same allegation as he made in 1992. On October 18, 1991, the district court dismissed that case with prejudice. Warren did not appeal this dismissal order.

After Warren re-filed the identical lawsuit in 1992, appellant filed and served a motion for summary judgment, based on *res judicata* grounds. Appellant also moved for sanctions under Fed.R.Civ.P. 11. Warren failed to respond to either motion.

The U.S. Magistrate Judge entered his Report and Recommendation on or about December 23, 1992. The magistrate judge recommended that appellant's motion be granted and that Warren's claim be dismissed with prejudice. However, he also recommended that the motion for Rule 11 sanctions be denied:

Defendant also moves for costs and attorney's fees, alleging that the action is frivolous under Federal Rule of Civil Procedure 11, and that plaintiff perpetrated a fraud upon this Court by stating on the first page of the Complaint that he had not begun other lawsuits in state or federal court dealing with the same facts involved in this action.

Plaintiff is proceeding *in forma pauperis.* There is no indication that plaintiff has assets with which to pay costs and attorney's fees. I recommend, therefore, that the Court deny defendant's motion for costs and attorney's fees.

Appellant timely filed an objection to the magistrate's R & R. Appellant was never served with a financial statement of Warren, and points out that Warren was no longer a prisoner at the time he filed the complaint. On February 3, 1993, the district court entered an order dismissing Warren's complaint with prejudice and denying appellant's Rule 11 motion. With regard to the Rule 11 issue, the court held:

Defendant objects to the Report and Recommendation because of the failure to recommend imposition of Rule 11 sanctions. This Court declines to impose sanctions on pro se plaintiff, but emphasizes the caution contained in the Report and Recommendation regarding any future actions filed *in forma pauperis.*

The court did not discuss the Rule 11 motion further, and did not make any finding regarding whether Warren had violated Rule 11 in filing his complaint. Warren has filed no brief in response to appellant's appeal.

### II. Standard of Review

Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Conn v. Borjorquez,* 967 F.2d 1418, 1420 (9th Cir.1992); *Operating Engineers Pension Trust v. A–C Company,* 859 F.2d 1336, 1344 (9th Cir.1988). This court reviews findings of historical fact under the clearly erroneous standard, the determination that counsel violated Rule 11 under a de novo standard, and the choice of sanction under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 399, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990) (*citing*

*Zaldivar v. Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986).

## III. Discussion

The new Rule 11 [1] provides:

(a) **Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.

\* \* \* \* \* \*

(b) **Representations to Court.** By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

\* \* \* \* \* \*

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

(c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(2) **Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary na-

ture, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) **Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed.

Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated. Appellant contends that, in falsely stating that he had never filed a federal or state lawsuit concerning his alleged assault by the MICC staff cook, Warren clearly violated subdivision (b)(3), regarding factual representations made to the court. Appellant also contends that Warren "perpetrated a fraud upon the district court by lying about having brought the same action previously."

The record supports the appellant. In simply "declining to impose sanctions on a pro se plaintiff", the district court failed to make the requisite finding of whether a violation had in fact been committed. Neither the magistrate judge nor the district judge ever addressed appellant's contention that Warren's filing was frivolous, and that Warren knew at the time he filed it that he was making a false representation. We reverse and remand for a determination of whether Warren violated Rule 11.

---

**1.** This court will apply the new, as opposed to the old, Rule 11 here, because its grant of discretion to the district court renders it more favorable to the party against whom sanctions are sought.

In addition, the district court's holding implies that sanctions are inappropriate solely because Warren was a *pro se* plaintiff. We first note that the rule explicitly applies to parties not represented by attorneys. The district court is therefore not at liberty to exempt automatically such persons from the rule's requirements. Secondly, Rule 11's express goal is deterrence: IFP litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs. Finally, past courts have applied the rule [2] to *pro se* plaintiffs in assessing both the reasonableness of the behavior and the appropriate measure of sanctions:

> Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable.

*Harris v. Heinrich,* 919 F.2d 1515, 1516 (11th Cir.1990); *Kurkowski v. Volcker,* 819 F.2d 201, 204 (8th Cir.1987) ("We recognize that *pro se* complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories.").

It is also clear that a plaintiff proceeding *in forma pauperis* is not protected from the taxation of costs to which a prevailing defendant is entitled. The First Circuit has explained that IFP status "does not completely immunize an indigent litigant from eventual liability for costs.... Such costs have been taxed upon a finding that the indigent's action was frivolous or malicious, while other IFP plaintiffs have been held liable for costs even if litigation was undertaken in good faith." *Papas v. Hanlon,* 849 F.2d 702, 703–04 (1st Cir.1988); *see also Flint v. Haynes,* 651 F.2d 970, 974 (4th Cir. 1981), *cert. denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982) (despite inmates' contention that costs should be awarded only in exceptional cases where claim is frivolous or otherwise improper, trial court properly assessed costs against three inmates who, after being granted IFP status, had final judgment entered against them and in favor of the defendants); *Lay v. Anderson,* 837 F.2d 231, 232 (5th Cir.1988), *mandamus denied, In re Lay,* 493 U.S. 806, 110 S.Ct. 222, 107 L.Ed.2d 175 (1989) (costs may be taxed against IFP prisoner following judgment in favor of defendants, whether plaintiff has made frivolous allegations or not).

Hence, a court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions. It cannot, however, decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se.* A contrary conclusion would effectively place all unrepresented parties beyond the reach of Rule 11.

We remand this case to the district court so that it may properly address appellant's Rule 11 motion by determining if Warren's filing of the complaint, knowing that he had previously filed an identical action, constitutes a violation of Rule 11. If the court finds that Warren violated Rule 11, it "may," under the new version of Rule 11, impose sanctions. If it decides not to impose sanctions, some reasoned basis for deciding not to do so is required to make appellate review meaningful. The district court's simple assertion that it "declines to impose sanctions," or that it declines to do so because Warren is *pro se,* fails to satisfy the requisite findings.

REVERSED AND REMANDED.

---

2. The subsequent amendments to Rule 11 do not affect the viability of these cases.