**Gene Edward MUNNINGS, Plaintiff,**

v.

**STATE OF NEVADA, et al., Defendants.**

**No. CV–N–94–638–DWH.**

United States District Court, D. Nevada.

Sept. 23, 1996.

Gene Edward Munnings, Baltimore, MD, pro per.

Frankie Sue Del Papa, Attorney General, State of Nev., John Albrecht, Deputy Atty. Gen., State of Nev., Carson City, NV, for defendants.

### MEMORANDUM ORDER AND DECISION

HAGEN, District Judge.

This matter came on for hearing at 9:00 a.m., Thursday, September 19, 1996. This hearing was to allow plaintiff to show cause why sanctions, including, but not limited to, the sanction of dismissal, should not be imposed for the representations made in his motion (# 66) (and attached exhibit) concern-

ing the willingness of the attorney named there to represent plaintiff in this matter.

Carl F. Hylin, Esq., and his secretary, Theresa Murchland, testified as the court's witnesses pursuant to Federal Rule of Evidence 614.

*Representations In Motion for Appointment of Counsel*

On April 22, 1996, plaintiff moved (# 66) for appointment of counsel. Plaintiff's motion states as follows:

"Comes now the plaintiff, Gene E. Munnings who has attached a letter from Carl Hylin where he states he is willing to accept this case for appointment, in regard to your order stating that if I found an attorney to take on the case you would appoint him. I ask that he be appointed as per his letter dated 4/5/96."

The attached letter from Mr. Hylin's office reads as follows:

I have reviewed your file and I've also consulted with the law office of Rodney Sumpter, and, fortunately, after much consternation, I have decided to accept your case for litigation.

You may pick up the documents which you deposited in my office at the time of our initial consultation. Please contact my secretary at 329–0111 so that she will be available to retrieve the documents at the time specified for you to pick them up.

Upon reviewing the document, the court noted an apparent logical inconsistency in any attorney's both agreeing to represent a person and at the same time instructing the person to pick up their documents from the attorney's office. It also seemed odd to commence an attorney-client relationship by telling a new client that a decision to represent was made "after much consternation." Furthermore, the three blank spaces following the comma after the phrase "after much consternation" suggested to the court that the letter had been altered to read "fortunately" instead of "unfortunately." However, because the letter did clearly state "I have decided to accept your case for litigation," the court hesitated to draw any premature conclusions about the letter's authen-

ticity. The court contacted Mr. Hylin by telephone and Mr. Hylin denied ever agreeing to represent Mr. Munnings. The court then issued the order to show cause (# 67).

*Court's Authority to Investigate*

■ A court has the power to conduct an independent investigation to determine whether it has been the victim of a fraud. *Chambers v. NASCO,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). The power stems from the court's inherent "power to police itself", thus vindicating judicial authority and protecting an institution created to safeguard the interests of the public. *Id.*

*Evidence at the Hearing*

At today's hearing, Mr. Hylin's file copy of the April 5, 1996 copy was received into evidence as Exhibit 1. The letter appeared identical in all respects to the letter submitted by Mr. Munnings with his motion for appointment of counsel, except Mr. Hylin's copy contained the word "unfortunately", rather than "fortunately." Mr. Hylin testified that his copy was a copy of the actual letter mailed to Mr. Munnings over his signature. He also testified that that letter had contained a typographical error, but it did not relate to the word "fortunately"; rather, the error lay in omitting the word "not" from the first sentence, causing it to read "I have decided to accept your case" instead of "I have decided not to accept your case."

Mr. Hylin further testified that a correction letter, dated April 12, 196, was thereafter mailed to Mr. Munnings. Mr. Hylin's file copy of the correction letter was admitted into evidence as Exhibit 2. This letter explained that the first sentence should have read, "I have decided NOT to accept your case for litigation."

Ms. Murchland testified that she prepared both letters, and placed each of them in the regular office building mail box on the same day they were prepared. She testified that she received a recorded telephone message from Mr. Munnings on April 12, wherein he inquired about the status of his case. In response to this inquiry, she pulled his file and noticed the typographical error in the April 5, 1996, letter. Instead of returning Mr. Munnings's call, Ms. Murchland sent the April 12, 1996, letter correcting the April 5, 1996, letter.

Mr. Munnings testified that because of the instruction to pick up his documents, he was unsure and confused as to whether Mr. Hylin intended to represent him. He delayed picking up his documents because he does not come to Reno very often. Mr. Munnings testified that he never received the letter dated April 12, 1996. He explained that Mr. Hylin's office did not have a current address for him and that due to his change of address, some of his mail had been lost and/or delayed. However, Mr. Munnings testified that by August of this year he knew Mr. Hylin was not representing him because another attorney he had consulted in Gardnerville had inquired of Mr. Hylin, at Mr. Munnings's request, and had learned as much. This testimony established that at best, from April through August, Mr. Munnings was uncertain as to whether Mr. Hylin had agreed to represent him, and, at worst, he knew that Mr. Hylin had declined to represent him. Nevertheless, Mr. Munnings affirmatively represented to this court that Mr. Hylin had agreed to represent him.

*Rule 11*

Rule 11(b) (2) and (3) provide, in relevant part,

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,—
>
> it is not being presented for any improper purpose . . . ;
>
> [and] the allegations and other factual contentions have evidentiary support . . .

■ Rule 11 emphasizes the duty of candor. Rule 11 Advisory Committee Note, 1993 amendments. Where a litigant perpetrates a fraud on the court, Rule 11 sanctions are appropriate. *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir.1994).

*Inherent Power to Sanction*

█ In addition to the power granted courts by Rule 11, federal courts enjoy the inherent power to sanction the full range of litigation abuses, and dismissal of the action is an allowable sanction. *Chambers v. NAS-CO,* 501 U.S. 32, 45, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). The inherent power is properly utilized to preserve the dignity of the court and the integrity of the judicial process. *Id.*

*Findings of Fact And Conclusions of Law*

█ The court finds, by clear and convincing evidence, that Mr. Munnings perpetrated a fraud on the court; to wit, taking advantage of an existing typographical error to alter Mr. Hylin's letter, making it appear that Mr. Hylin had agreed to represent him. He thereby made a material misrepresentation of fact to this court in connection with his motion for appointment of counsel.

Mr. Munnings's actions are a violation of FRCP 11, which imposes a duty of good faith, honesty, and reasonable inquiry on all persons filing any pleadings, motions or other papers with the court. The Rule requires all persons filing papers with the court to certify that they are not presented for any improper purpose. The altered document, together with Mr. Munnings motion, was presented for the improper purpose of fraudulently inducing the court to appoint Mr. Hylin as counsel for Mr. Munnings.

Rule 11 imposes a duty of reasonable inquiry on all persons filing papers with the court. Even if Mr. Munnings's alteration of the letter had not been proved to the court's satisfaction, the court would still find that, given the ambiguities inherent in Mr. Hylin's letter, Mr. Munnings was on notice to inquire whether Mr. Hylin had indeed agreed to the representation. Although there was testimony that Mr. Munnings did call Mr. Hylin's office once after receipt of the April 5, 1996 letter, he never spoke to anyone there and he allegedly never received the April 12 letter. Mr. Munnings then did not follow up until August. Under these circumstances, the court concludes that Mr. Munnings did not fulfill his Rule 11 duty of reasonable inquiry, and it was unreasonable to represent to the court that Mr. Hylin had agreed to the representation.

*Sanctions*

█ The court finds that the sanction of dismissal is necessary to deter repetition of such conduct by Mr. Munnings or comparable conduct by those similarly situated. FRCP 11(c)(2). Mr. Munnings was on notice that the court could not make a compulsory appointment of counsel for a civil matter. He nevertheless attempted to do an end-run around this court by making a false representation as to Mr. Hylin's willingness to represent him. As a result of Mr. Munnings's conduct, this court, Mr. Hylin, his secretary, Theresa Murchland, and counsel for defendants were all compelled to take time out of their busy schedules so that the court could conduct its inquiry into this matter. Mr. Munnings's actions show a disturbing cynicism and disregard for the integrity of this court and the judicial process in general. The courts cannot function if litigants are permitted to burden the court with time-wasting matters such as this.

This sanction is imposed pursuant to FRCP 11, as well as the court's inherent authority to sanction litigation abuses.

*Dismissal*

This action is dismissed with prejudice. All pending motions are denied as moot. The clerk is instructed to enter judgment accordingly and to administratively close this file.

**IT IS SO ORDERED.**

Exhibit 1

*CARL F. HYLIN*

*ATTORNEY AT LAW*

*457   COURT STREET*

*RENO, NEVADA 89501*

*(702)329–0111 ● FAX(702)329–5563*

April 5, 1996

Gene Munnings

3400   Imperial Way # 40

Carson City, NV 89706

Exhibit 1—Continued

Dear Mr. Munnings:

I have reviewed your file and I've also consulted with the law office of Rodney Sumpter, and, unfortunately, after much consternation, I have decided to accept your case for litigation.

You may pick up the documents which you deposited in my office at the time of our initial consultation. Please contact my secretary at 329–0111 so that she will be available to retrieve the documents at the time specified for you to pick them up.

Sincerely,

/s/ Carl F. Hylin
/s/ CARL F. HYLIN
Attorney at Law

CFH/trm

Exhibit 2

*CARL F. HYLIN*

*ATTORNEY AT LAW*

*457 COURT STREET*

*RENO, NEVADA 89501*

*(702)329–0111 ● FAX(702)329–5563*

April 12, 1996

Gene Munnings

3400 Imperial Way # 40

Carson City, NV 89706

Dear Mr. Munnings:

This is a correction to the letter I mailed to you dated April 5, 1996 which contained an unfortunate typographical error. The first sentence should have read, "... I have decided NOT to accept your case for litigation."

I am sorry for any misunderstanding this might have caused. Please call me at 329–0111 to arrange to pick up the documents which you left at this office.

Sincerely,

Exhibit 2—Continued

/s/ Teresa Murchland
Theresa Murchland
Secretary to CARL F. HY-
LIN, ESQ.