101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Leroy CUNNINGHAM, Plaintiff-Appellant,
v.
Tana WOOD; Ronald Smith, C/O; Andrews, C/O; Sgt.
Alvarado; Sgt. Frank, Defendants-Appellees.
 No. 96-35432.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 13, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner David Leroy Cunningham appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint with prejudice pursuant to Fed.R.Civ.P. 11(b)(3). The district court dismissed Cunningham's complaint sua sponte, as a sanction for indicating on his form complaint that he had not filed other actions relating to his imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). We review for abuse of discretion the district court's imposition of the Rule 11 dismissal sanction. See Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir.1994) (per curiam). We vacate and remand.
 
 
 3
 Cunningham contends that the district court erred by (1) failing to give him notice that his complaint could be dismissed under Rule 11 and an opportunity to respond before the court dismissed his complaint; and (2) dismissing his complaint as a sanction under Rule 11. These contentions have merit.
 
 
 4
 Federal Rules of Civil Procedure 11(c) provides that a district court must give a party notice and an opportunity to respond before the court imposes a sanction on that party under Rule 11. See Fed.R.Civ.P. 11(c). In addition, Rule 11 explicitly limits a district court's sanction to what is sufficient to deter subsequent violations of the rule. See Fed.R.Civ.P. 11(c)(2). Because dismissal is often a harsh penalty, a district court must consider the availability of lesser sanctions before it imposes a sanction of dismissal. See Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir.1993) (setting forth factors that a district court must consider before it imposes a sanction of dismissal for a plaintiff's failure to obey a court order or a Federal Rule of Civil Procedure).
 
 
 5
 Here, the district court determined that Cunningham violated subsection (b)(3) of Rule 11 by failing to indicate in his complaint that he had filed at least eight other actions relating to his imprisonment. The district court concluded that Cunningham's transgression warranted a sua sponte dismissal of his complaint under Rule 11.[1] The district court, however, erred because it did not give Cunningham notice and an opportunity to respond before the court imposed its dismissal sanction. See Fed.R.Civ.P. 11(c); see also Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 836 (9th Cir.1987). Because the district court did not consider the availability of lesser sanctions, we conclude that the court abused its discretion by dismissing Cunningham's complaint under Rule 11. See Fed.R.Civ.P. 11(c)(2); cf. Henry, 983 F.2d at 948 (concluding that the district court did not abuse its discretion because the court considered alternatives to dismissal before it dismissed plaintiff's action under Fed.R.Civ.P. 37). Furthermore, we conclude that the dismissal sanction exceeded what was sufficient to deter Cunningham from committing subsequent Rule 11 violations. See Malone v. United States Postal Serv., 833 F.2d 128, 132 n. 1 (9th Cir.1987) (listing examples of less drastic sanctions to dismissal), cert. denied, 488 U.S. 819 (1988). Accordingly, we vacate the district court's dismissal and remand for further proceedings.
 
 VACATED and REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its dismissal order, the district court also ordered Cunningham to show cause for why he should not be barred from filing further actions in the district courts of the Eastern District of Washington
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal