103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Patricia Ruth SNELL, aka Patricia Ruth Edwards, Debtor.
Lucille BERNARD, Plaintiff-Appellee,
v.
Patricia Ruth SNELL, aka Patricia Ruth Edwards, Defendant-Appellant.
 No. 95-55393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Nov. 18, 1996.
 
 1
 Before: BRUNETTI, TROTT and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Patricia Ruth Snell (aka Patricia Ruth Edwards), appeals the district court's partial reversal of the bankruptcy court's ruling that Appellee Lucille Bernard's state judgment against Snell was dischargeable pursuant to 11 U.S.C. § 523(a). Snell also appeals the district court's decision to reverse the bankruptcy court's imposition of sanctions on Bernard. For the reasons stated below, we affirm.
 
 PROCEEDINGS BELOW
 
 4
 In 1981, Bernard recovered a judgment against Snell in California Superior Court. The court found that during her tenancy Snell's actions, including damaging Bernard's residence and personal property, were "either willfully or grossly negligent." The state court entered a judgment against Snell for $8,449 for conversion and property damage, $2,400 plus interest for unpaid rent, and $750 for attorneys' fees and $145.09 for costs. Before Bernard could enforce the judgment, Snell disappeared.
 
 
 5
 In 1991, shortly after Bernard located her, Snell filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Bernard then filed a complaint in bankruptcy court to determine the dischargeability of Snell's debt. The bankruptcy court ruled that Snell's debts to Bernard were dischargeable because Snell's actions did not meet the "willful and malicious" standard for nondischargeability pursuant to 11 U.S.C. § 523(a)(6). In reaching its decision, the bankruptcy court ignored the state court's prior factual findings and legal conclusions.
 
 
 6
 Bernard moved for reconsideration of the bankruptcy court's judgment. The court denied the motion and sanctioned Bernard pursuant to Federal Rule of Bankruptcy Procedure 9011, ruling that cause did not exist for reconsideration.[1]
 
 
 7
 Bernard appealed to the district court, which partially reversed the bankruptcy court.[2] In reaching its decision, the district court relied on both the facts found by the state court and the collateral estoppel effect of the state court judgment. In addition, the district court reversed the bankruptcy court's imposition of sanctions.
 
 DISCUSSION
 1. Dischargeability of Debt
 
 8
 a. Standard of Review
 
 
 9
 We review the district court's decision on an appeal from a bankruptcy court de novo. In re Sternberg, 85 F.3d 1400, 1404 (9th Cir.1996). Whether a claim is nondischargeable is reviewed for gross abuse of discretion. Id., at 1404-05. The "gross abuse" standard is equivalent to reviewing findings of fact for clear error and conclusions of law de novo. In re Roosevelt, 87 F.3d 311, 314 n. 2 (9th Cir.1996).
 
 
 10
 b. Analysis
 
 
 11
 In concluding that the debt was dischargeable, the bankruptcy court erred by failing to give collateral estoppel effect to the California court's findings. See In re Zelis, 66 F.3d 205, 208 (9th Cir.1995) (holding that creditor who obtains judgment in state court can invoke collateral estoppel under § 523(a)).
 
 
 12
 The state court found that: Snell abandoned the home after August 2, 1974; Bernard could not relet the premises for over one month because of necessary repairs; Snell destroyed and damaged Bernard's real and personal property; the value of the damaged property was $8,449; and Edward's actions were "either willful or grossly negligent." Appellee's ER 1 at 13-14.
 
 
 13
 In its conclusions of law, the state court ruled that Snell willfully breached the terms of the lease and that the damage was not the result of normal or reasonable wear and tear.
 
 
 14
 The bankruptcy court ignored these findings in reaching its decision. The court concluded that Snell left the premises in good condition on or about July 27, 1974. The court stated: "No evidence was adduced that the Defendant caused any of the damage to Plaintiff's property nor was there any evidence that any behavior pattern of the Defendant would have given rise to the cause of such damage." These conclusions expressly contradicted the state court's factual findings.
 
 
 15
 "We have held that an act is 'willful and malicious' when done intentionally and the act necessarily produces harm and is without just cause or excuse." Zelis, 66 F.3d at 208. When we consider the California court's factual findings, we conclude that its findings were sufficient to prove that Snell acted in a "willful and malicious manner," under 11 U.S.C. § 523(a)(6). See id. Thus, Edward's debt to Bernard was nondischargeable. The bankruptcy court erred in finding otherwise, and the district court correctly reversed that decision.
 
 2. Sanctions
 
 16
 We review de novo whether a sanctioned party violated Rule 11, or in this case, the equivalent Bankruptcy Code Rule 9011. Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir.1994). Here, the district court was correct in reversing the bankruptcy court's imposition of sanctions. Bernard's conduct as a pro se party in the bankruptcy court did not justify such an award. See id., at 1390 ("Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable.").
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The court ordered Bernard to pay Snell's attorneys' fees of $1800, even though Snell was apparently represented on a pro bono basis
 
 
 [2]
 The district court upheld the bankruptcy court's ruling that the unpaid rent was dischargeable