**John L. CORRIGAN, Plaintiff—Appellant,**

v.

**KING COUNTY DEPUTY, Unknown # 1; et al., Defendants,**

**and**

**Susan Rahr, King County Sheriff; et al., Defendants—Appellees.**

No. 06–35998.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 23, 2007.

John L. Corrigan, Auburn, WA, pro se.

John W. Cobb, Esq., Timothy M. Blood, Esq., King County Prosecuting Attorney's Office, Seattle, WA, for Defendants–Appellees.

Todd R. Startzel, Esq., Paul L. Kirkpatrick, Esq., Kirkpatrick & Startzel, Spokane, WA, for Defendants.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM [**]

John L. Corrigan appeals the district court's imposition of sanctions under Federal Rule of Civil Procedure 11. We review the imposition of Rule 11 sanctions for abuse of discretion, which may be found if the district court based its decision on an erroneous view of the law or on a clearly erroneous factual finding. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC,* 339 F.3d 1146, 1150 (9th Cir.2003). We affirm.

Litigants are subject to Rule 11 sanctions for, among other reasons, presenting to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." FED.R.CIV.P. 11(b)(2).

After carefully examining Corrigan's arguments, the district court concluded that his claims were frivolous. *See Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir.1994) (noting that a litigant's pro se status must be considered when assessing claims for frivolousness). The court gave Corrigan an opportunity to produce evidence showing that his one potentially nonfrivolous argument had a factual basis. Corrigan failed to do so. The court also noted that Corrigan had acted similarly in a related case and that he had extensive experience as a plaintiff.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

After considering those factors, the court imposed sanctions of $10,000. The sanction was substantial, but the court did not abuse its discretion.

**AFFIRMED.**