FILED

**NOT FOR PUBLICATION**

NOV 02 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRUCE A. WORKMAN, husband and as
guardian-ad-litem for his son Jeffrey B.
Workman; et al.,

        Plaintiffs - Appellants,

  v.

DISTRICT 13 TANQUE VERDE
UNIFIED SCHOOL; et al.,

        Defendants - Appellees.

No. 09-15761

D.C. No. 4:02-cv-00198-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

    Bruce A. Workman, Jeffrey B. Workman, and Janet C. Workman appeal pro

se from the district court's judgment and order awarding costs and attorney's fees

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in their 42 U.S.C. § 1983 action alleging excessive force, due process violations, and various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error findings of fact adopted after a bench trial. *Saltarelli v. Bob Baker Grp. Med. Trust*, 35 F.3d 382, 384 (9th Cir. 1994). We review for an abuse of discretion a district court's award of costs and attorney's fees. *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1168 (9th Cir. 2007). We affirm.

The district court did not clearly err by finding in a trial that Jeffery Workman failed to demonstrate that the defendant police officers used excessive force when arresting him. *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989) (setting forth the objective reasonableness standard).

The district court did not abuse its discretion by making Janet and Bruce Workman equally responsible for paying attorney's fees to the Tanque Verde defendants after concluding that they continued to litigate claims even after it became obvious that those claims were meritless. *See Galen v. County of Los Angeles*, 477 F.3d 653, 666-68 (9th Cir. 2007) (attorney's fees award affirmed because, "[b]ased on the evidence . . . acquired during discovery, it [became] obvious that [the plaintiff] could not meet his burden of demonstrating [defendant's liability]").

The district court did not abuse its discretion by awarding costs to defendants. *See Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party . . ."); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam) ("a plaintiff proceeding in forma pauperis is not protected from the taxation of costs to which a prevailing defendant is entitled").

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**