NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JEHAN ZEB MIR, MD, | Nos. 13-57138 |
| Plaintiff-Appellant / Cross-Appellee, | 13-57181 |
| | D.C. No. 5:12-cv-01791-GW-SP |
| v. | |
| SAN ANTONIO COMMUNITY HOSPITAL; et al., | MEMORANDUM* |
| Defendants-Appellees / Cross-Appellants. | |

Appeals from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jehan Zeb Mir, M.D., appeals pro se from the district court's judgment

dismissing his action alleging 42 U.S.C. §§ 1985, 1986, Racketeer Influenced and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Corrupt Organizations Act ("RICO"), and state law claims. San Antonio Community Hospital cross-appeals from the district court's order denying its motion for sanctions and attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed all of Mir's claims that accrued during or before 2005 because his claims are barred by the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (the statute of limitations for civil RICO actions is four years). Contrary to Mir's contentions, the district court did not abuse its discretion by concluding that defendants should not be equitably estopped from asserting a statute of limitations defense because Mir did not allege that defendants prevented him from filing in time through "some active conduct by the defendant above and

beyond the wrongdoing." *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048, 1051-52 (9th Cir. 2008).

The district court properly dismissed Mir's RICO, 42 U.S.C. §§ 1985-1986, and intentional infliction of emotional distress claims against defendant San Antonio Community Hospital because Mir failed to allege facts sufficient to state a claim. *See United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (elements of 42 U.S.C. § 1985(3) claim); *Living Designs, Inc. v. E. I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (elements of civil RICO claim); *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001) (§ 1986 claim liability is predicated upon a § 1985 violation); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (requiring race-based nexus for § 1985 claim); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of an intentional infliction of emotional distress claim under California law).

The district court did not abuse its discretion by denying Mir's request for leave to amend to add San Antonio Community Hospital's attorneys of record and their law firm as defendants to the Second Amended Complaint. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for permitting leave to amend).

The district court did not abuse its discretion by denying Mir's motion for reconsideration because Mir failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

The district court did not abuse its discretion by denying defendant San Antonio Community Hospital's motion for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 because Mir was proceeding pro se and the district court had granted him leave to amend additional facts. *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (setting forth standard of review for rulings on sanctions under Rule 11); *Trulis v. Barton*, 107 F.3d 685, 691-92 (9th Cir. 1995) (setting forth standard of review for rulings on sanctions under 28 U.S.C. § 1927); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (recognizing that Rule 11 applies to a pro se plaintiff, and that a court must take into account a plaintiff's pro se status when determining whether the filing was reasonable).

**Appeal No. 13-57138:  AFFRIMED.**

**Appeal No. 13-57181:  AFFIRMED.**

13-57138, 13-57181